**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3765-15T2

HILLSBOROUGH TOWNSHIP
BOARD OF EDUCATION,

    Petitioner-Respondent,

v.

HILLSBOROUGH TOWNSHIP
EDUCATION ASSOCIATION,

    Respondent-Appellant.

_____

Argued January 10, 2017 — Decided March 2, 2017

Before Judges Fisher, Ostrer, and Leone.

On appeal from the New Jersey Public
Employment Relations Commission, Docket No.
SN-2015-079.

Sanford R. Oxfeld argued the cause for
appellant (Oxfeld Cohen, P.C., attorneys; Mr.
Oxfeld and Randi Doner April, of counsel and
on the brief).

Vittorio S. LaPira argued the cause for
respondent Hillsborough Township Board of
Education (Fogarty & Hara, attorneys; Mr.
LaPira, of counsel and on the brief; Nicholas
A. Soto, on the brief).

Don Horowitz, Senior Deputy General Counsel,
argued the cause for respondent New Jersey

Public Employment Relations Commission (Robin T. McMahon, General Counsel, attorney; Mr. Horowitz, on the statement in lieu of brief).

PER CURIAM

Petitioner Hillsborough Township Education Association (Association) requested arbitration when respondent Hillsborough Township Board of Education (Board) denied tuition reimbursement requests from several teachers. The Board based its denial on N.J.S.A. 18A:6-8.5(c), which allows tuition assistance only for courses related to the employee's current or future job responsibilities. On March 31, 2016, the New Jersey Public Employment Relations Commission (PERC) found N.J.S.A. 18A:6-8.5 preempted arbitration of that issue. We affirm PERC's decision.

I.

In 2013, four employees in the Hillsborough Township school system submitted forms for "Approval of Graduate Study/CEU Courses" seeking tuition reimbursement. A Reading Specialist, a Preschool Assistant, and an Instructional Aid submitted forms for "Second Language Acquisition" courses at The College of New Jersey (TCNJ). The Instructional Aid also submitted a form for a "Teaching English as a Second Language" course at TCNJ. Another Instructional Assistant submitted a form for a "Clinical Seminar in Special Education" course at Rowan University. Their requests were denied.

2                                                  A-3765-15T2

The four employees submitted a grievance form, seeking tuition reimbursement and movement on the salary guide based on the courses. On March 24, 2014, the Board denied the grievance, finding "that the courses for which approval was sought do not apply to the employee's current or future job responsibilities."

The Association submitted a Request for Submission to a Panel of Arbitrators. The Board filed a Petition for Scope of Negotiations Determination. PERC's March 31, 2016 decision found arbitration was preempted:

> [W]e hold that N.J.S.A. 18A:6-8.5 preempts arbitration. The statute expressly, specifically, and comprehensively precludes a board from reimbursing an employee for coursework that does not meet each requirement set forth in the law. Here, the coursework was not approved by the Superintendent as it did not relate to the employee's current or future job responsibilities.

The Association appeals.

II.

We must hew to our standard of review. Courts "apply a deferential standard of review to determinations made by PERC." City of Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 567 (1998). "The standard of review of a PERC decision concerning the scope of negotiations is 'thoroughly settled. The administrative determination will stand unless it is clearly demonstrated to be arbitrary or capricious.'" Id. at 568

3                                                          A-3765-15T2

(quoting In re Hunterdon Cty. Bd. of Chosen Freeholders, 116 N.J. 322, 329 (1989)).

"PERC's interpretation of the [Employer-Employee Relations] Act is entitled to substantial deference," N.J. Tpk. Auth. v. Am. Fed'n of State, Cty. & Mun. Emps., Council 73, 150 N.J. 331, 352 (1997), but "no special deference is owed in an interpretation of a statute outside the agency's charge," Township of Franklin v. Franklin Twp. PBA Local 154, 424 N.J. Super. 369, 378 (App. Div. 2012). We are not "'bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" Bd. of Educ. v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996) (citation omitted).

III.

PERC found N.J.S.A. 18A:6-8.5 preempts arbitration of the Board's denials. N.J.S.A. 18A:6-8.5 provides:

> In order for a board of education to provide to an employee tuition assistance for coursework taken at an institution of higher education or additional compensation upon the acquisition of additional academic credits or completion of a degree program at an institution of higher education:
>
> a. The institution shall be a duly authorized institution of higher education as defined in section 3 of P.L. 1986, c. 87 (C.18A:3-15.3);

b. The employee shall obtain approval from the superintendent of schools prior to enrollment in any course for which tuition assistance is sought. In the event that the superintendent denies the approval, the employee may appeal the denial to the board of education.

　　. . . .

　　c. The tuition assistance or additional compensation shall be provided only for a course or degree related to the employee's current or future job responsibilities.

Here, the Board denied tuition assistance based on N.J.S.A. 18A:6-8.5(c).[1] Thus, we must consider whether that subsection falls within the scope of negotiation.

As our Supreme Court recently reiterated,

> although "public employees have a legitimate interest in . . . collective negotiations" in respect of issues affecting the terms and conditions of their employment, "the scope of [such] negotiation[s] in the public sector is more limited than in the private sector." Unlike a private employer, a public employer, as government, has "the unique responsibility to make and implement public policy." Public policy . . . properly is determined through the political process, by which citizens hold

---

[1] Neither N.J.S.A. 18A:6-8.5(a) nor N.J.S.A. 18A:6-8.5(b) are at issue in this appeal. Thus, we have no need to consider the validity of PERC's decision in Hainesport Twp. Bd. of Educ. v. Hainesport Educ. Ass'n, P.E.R.C. No. 2015-41, 41 NJPER 274 (2014), which held N.J.S.A. 18A:6-8.5(b) preempts arbitration.

government accountable, and not through collective negotiation.

> [Borough of Keyport v. Int'l Union of Operating Eng'rs, 222 N.J. 314, 333 (2015) (quoting In re Local 195, 88 N.J. 393, 401-02 (1982)).]

"The scope of arbitrability is generally coextensive with the scope of negotiability." Teaneck Bd. of Educ. v. Teaneck Teachers Ass'n, 94 N.J. 9, 14 (1983).

"[T]he scope of collective negotiations for public employers and employees was addressed" in the "seminal case Local 195." Keyport, supra, 222 N.J. at 332-33.

> [A] subject is negotiable between public employers and employees when (1) the item intimately and directly affects the work and welfare of public employees; (2) the subject has not been fully or partially preempted by statute or regulation; and (3) a negotiated agreement would not significantly interfere with the determination of governmental policy.

> [Local 195, supra, 88 N.J. at 404.]

"A subject is preempted, and therefore non-negotiable under the second factor, when a statute or regulation '"speak[s] in the imperative and leave[s] nothing to the discretion of the public employer."'" Keyport, supra, 222 N.J. at 334 (quoting Local 195, supra, 88 N.J. at 403-04). "Negotiation is preempted only if the [statute or] regulation fixes a term and condition of employment expressly, specifically and comprehensively." Id. at 337 (quoting

Bethlehem Twp. Bd. of Educ. v. Bethlehem Twp. Educ. Ass'n, 91 N.J. 38, 44 (1982)). "When legislation or a regulation 'establishes a specific term or condition of employment that leaves no room for discretionary action, then negotiation on that term is fully preempted." Id. at 336-37 (quoting Local 195, supra, 88 N.J. at 403). "[W]hen statutes or regulations set minimum or maximum standards in respect of a subject, the subject is negotiable within the limits of those standards." Id. at 334.

N.J.S.A. 18A:6-8.5(c) sets an express, specific, and comprehensive condition for tuition assistance and speaks in the imperative by mandating that "[i]n order for a board of education to provide . . . tuition assistance" it "shall be provided only for a course or degree related to the employee's current or future job responsibilities." (emphasis added). "Mandatory or imperative statutes ordinarily are those enactments which set up a particular scheme which 'shall' be handled as directed." State v. State Supervisory Emps. Ass'n, 78 N.J. 54, 82 n.7, 84-86 (1978).[2] The subsection expressly sets a specific limit on when

---

[2] Cf. Keyport, supra, 222 N.J. at 338-41 (holding a regulation providing an authority "'may'" institute a temporary layoff does "not impose a mandate as called for under Local 195's second prong for preemption" (citation omitted)); Local 195, supra, 88 N.J. at 406 (holding a regulation providing an authority "'may'" lay off does not preempt because it "grants considerable discretion" and does not "speak[] in the imperative" (citation omitted)).

tuition assistance may be available.  See Neptune Twp., supra, 144 N.J. at 25, 29 (holding that an education statute permitting "'a one, two or three year salary policy'" preempted because it "specifically provid[ed] in that statute for the prohibition of increments beyond three years").

The subsection gives the employer no discretion: if a course is related to the employee's current or future job responsibilities, the employee meets this condition for tuition assistance.  See State Supervisory, supra, 78 N.J. at 80 (holding that if statutory or regulatory provisions "speak in the imperative and leave nothing to the discretion of the public employer," then "negotiation over matters so set by statutes or regulations is not permissible").[3]  Finally, the subsection is comprehensive, leaving no collective issues for negotiations between the Board and the Association, only particular issues relating to each individual, namely whether the employee's proposed course relates to the employee's current or future job responsibilities.  See id. at 86-87 (holding "there is nothing upon which the parties could agree concerning these matters, as they are comprehensively regulated").

---

[3] Cf. Hunterdon Cty., supra, 116 N.J. at 331 (holding statutes providing that employers "may establish and maintain plans for awards programs" did not preempt arbitration because they authorize employers "to exercise discretion in choosing to institute [such] programs").

Of course, determining whether a particular employee's proposed course is related to that employee's current or future job responsibilities may pose issues of fact. However, the need to determine an issue of fact does not give discretion to the superintendent.

In City of Newark v. PBA Local 3, 272 N.J. Super. 31, 39 (App. Div.), certif. denied, 137 N.J. 315 (1994), we addressed a Newark ordinance providing "'[a]ll officers and employees of the city . . . are hereby required as a condition of their continued employment to have their place of abode in the city and to be bona fide residents therein.'" Whether an individual employee has a place of abode in the city and is a bona fide resident obviously poses issues of fact. Nonetheless, we held the ordinance did not give the public employer even a "limited area of discretion" and that "[t]he matter of residency" was non-negotiable and preempted. Id. at 39-40.

The Association argues arbitration is not preempted based on the legislative history of N.J.S.A. 18A:6-8.5(c), which was enacted in the 214th Legislative Session by Senate Bill 826. L. 2010, c. 13. First, the Association cites the initial version of an unenacted and markedly different Assembly bill in the 2008-2009 legislative session, Assembly Bill No. 3671. That bill initially provided: "The tuition assistance or additional compensation shall

be provided only for a course or degree related to the employee's current position or, at the discretion of the board of education on a case-by-case basis, the employee's future job responsibilities." Assemb. Bill No. 3671, 213th Leg. Sess., at 2 (Dec. 8, 2009); accord S. Bill No. 2127, 213th Leg. Sess., at 2 (Oct. 3, 2008). However, a subsequent version of that bill substituted the language ultimately enacted by the next Legislature in N.J.S.A. 18A:6-8.5(c). See S. Bill No. 2127, 213th Leg. Sess., at 2 (Jan. 12, 2010) (second reprint); Assemb. Educ. Comm. Substitute for Assemb. Bill Nos. 3671 & 3228 (Jan. 4, 2010). The Association argues the initial bill's mention of "discretion" shows N.J.S.A. 18A:6-8.5(c) is discretionary. To the contrary, the elimination of this limited grant of discretion from the final version of the statute suggests the Legislature regarded the subsection as mandatory rather than discretionary.

Second, the Association argues N.J.S.A. 18A:6-8.5(c) cannot preempt arbitration because the "thrust" of the legislation was N.J.S.A. 18A:6-8.5(a), which ended the practice of teachers using "diploma mills." The Association cites the Governor's "Statement Upon Signing Senate Bill No. 826," which states the "new law helps ensure that our teachers are educated through reputable institutions of higher education, and also provides a small positive step towards controlling the use and abuse of taxpayer

dollars."  Governor's Statement on Signing S. Bill No. 826 (May 6, 2010).  The Association stresses the first phrase, but the second phrase's goal of "controlling the use and abuse of taxpayer dollars" is also accomplished by requiring courses be related to current or future job responsibilities.  That is made clear by the Governor's explanation:

> In our public schools, teachers can increase their salaries . . . by acquiring advanced credits or degrees. . . . Teachers, therefore, have a clear financial incentive to enroll in advanced courses of study, whether or not those advanced courses actually improve their classroom performance.
> Yet, recent studies have shown that graduate degrees by themselves do not necessarily translate into improved teacher quality or student achievement. . . . There is an exception: master's degrees in math or science have been linked to improved student achievement in those areas.  Nationwide, however, ninety percent of graduate degrees are in education, and not in a subject-specific area.
>
> . . . .
>
> Therefore, the time is ripe to closely examine the current teacher compensation structure in New Jersey to ensure that these taxpayer dollars do, in fact, translate into improved teaching and student achievement.
>
> [Ibid. (emphasis added).]

The goals of avoiding abuse of taxpayer dollars, and improving a teacher's classroom performance and student achievement, are served by providing tuition assistance or additional compensation

11

"only for a course or degree related to the employee's current or future job responsibilities." N.J.S.A. 18A:6-8.5(c). Thus, the Governor's signing statement supports enforcing that requirement rather than subjecting it to negotiation. A governor's "action upon a bill may . . . be considered in determining legislative intent." McGlynn v. N.J. Pub. Broad. Auth., 88 N.J. 112, 159 (1981).

In any event, regardless of the "thrust" of the legislation, we cannot ignore the provisions the Legislature ultimately enacted in the statute, including the clear requirement in N.J.S.A. 18A:6-8.5(c). "If [a statute's] language is unclear, courts can turn to extrinsic evidence for guidance, including a law's legislative history," but courts "may not rewrite a statute." State v. Munafo, 222 N.J. 480, 488 (2015).

The Association contrasts N.J.S.A. 18A:6-8.5 with N.J.S.A. 18A:6-8.6, which provides: "Nothing in this act shall be construed to limit the authority of a board of education to establish more stringent requirements for the provision of tuition assistance or additional compensation than the requirements set forth in [N.J.S.A. 18A:6-8.5]." The Association argues more stringent requirements can only be established through collective negotiations. The Board concedes N.J.S.A. 18A:6-8.6 "may afford some discretion to negotiate" for more stringent requirements, but

argues that would not affect the outcome regarding N.J.S.A. 18A:6-8.5(c). We agree. N.J.S.A. 18:6-8.5(c) sets a maximum on the rights and benefits an employee can receive by providing that tuition assistance is available "only" for a course related to an employee's current or future job responsibilities. Ibid. "[W]here a statute or regulation sets a maximum level of rights or benefits for employees on a particular term and condition of employment, no proposal to affect that maximum is negotiable nor would any contractual provision purporting to do so be enforceable." State Supervisory, supra, 78 N.J. at 81-82; see, e.g., Maywood Bd. of Educ. v. Maywood Educ. Ass'n, 168 N.J. Super. 45, 54-55 (App. Div.) (reversing an order to negotiate where the "statute sets a maximum level of rights"), certif. denied, 81 N.J. 292 (1979).[4]

Under N.J.S.A. 34:13A-5.4(d), "PERC has been designated by the Legislature as the forum for initial determination of scope of negotiations matters because of its special expertise in this area" and has "primary jurisdiction" over such disputes. Bd. of Educ. v. Bernards Twp. Educ. Ass'n, 79 N.J. 311, 316-17 (1979).

---

[4] See also Bethlehem Twp., supra, 91 N.J. at 47 (finding preemption by regulations requiring actions "'no later than October 1'" and "'within 10 working days after adoption'"); In re Hackensack Bd. of Educ., 184 N.J. Super. 311, 317-18 (App. Div. 1982) (holding that a statute allowing boards to grant more than the minimum-required sick leave did not permit arbitration over the minimum requirements for sick leave).

Moreover, given PERC's "broad experience" in "scope-of-negotiations disputes," <u>Newark Firemen's Mut. Benevolent Ass'n v. City of Newark</u>, 90 <u>N.J.</u> 44, 55 (1982), "'due weight should be accorded thereto on judicial review,'" <u>Hunterdon Cty.</u>, <u>supra</u>, 116 <u>N.J.</u> at 329 (citation omitted). Here, PERC's decision was not arbitrary or capricious.

We reject the Association's argument that the reference to <u>N.J.S.A.</u> 18A:6-8.5 in the parties' agreement somehow makes it negotiable.[5] "[S]pecific statutes or regulations which expressly set particular terms and conditions of employment . . . . are effectively incorporated by reference as terms of any collective agreement," but "negotiation over matters so set by statutes or regulations is not permissible." <u>State Supervisory</u>, <u>supra</u>, 78 <u>N.J.</u> at 80; <u>see</u> <u>Bethlehem Twp.</u>, <u>supra</u>, 91 <u>N.J.</u> at 44-45 (providing that such incorporated statutes preempt negotiations).

The Association argues preemption would leave employees no avenue to challenge a superintendent's decision finding a course is unrelated to their present or future job responsibilities.

---

[5] Provisions 18.1 and 24.5 in the "Agreement Between the Hillsborough Education Association and the Board of Education of the Township of Hillsborough" provided for tuition reimbursement for teachers and instructional assistants. Provision 18.1.3 and Provision 24.5.1 identically stated that "[t]he provisions in this Article shall only be implemented to the extent permitted by <u>N.J.S.A.</u> 18A:6-8.5, or any other statutory provision or administrative regulation."

However, N.J.S.A. 18A:6-8.5(b) provides: "In the event that the superintendent denies the approval, the employee may appeal the denial to the board of education." The Board concedes there is the same right of appeal to a board of education of a superintendent's decision under N.J.S.A. 18A:6-8.5(c). Moreover, "decisions by a board of education are reviewable in the first instance by the State Commissioner of Education." Mount Holly Twp. Bd. of Educ. v. Mount Holly Twp. Educ. Ass'n, 199 N.J. 319, 342 (2009) (citing N.J.S.A. 18A:6-9). "In turn, decisions of the State Commissioner of Education are reviewed as of right by the Appellate Division." Ibid. (citing N.J.S.A. 18A:6-9.1(a)). Accordingly, employees have an avenue for recourse.

The Association argues the instructors here sought tuition assistance for courses related to the current and future job responsibilities, which the Board denies. The Association also argues a course is related to a teacher's future job responsibilities if it would enable him or her to teach a new course or be a better teacher. The Board also determined that "'current or future job responsibilities' . . . should [not] apply to future responsibilities for which the employee is not presently qualified to perform." The Board characterized the Association's position as "too broad," encompassing "any courses that are tangentially related to the field of education," rendering

15                                                    A-3765-15T2

N.J.S.A. 18A:6-8.5(c) "largely meaningless." We express no opinion on such disputes, which should be raised by appeal to the Commissioner of Education.

The Association's remaining arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3765-15T2